UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>D. OCHOA, et al.,<br><br>　　　　Defendants | Case No. 1:14 cv 00041 AWI GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      Screening Requirement**

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, brings this civil rights action against Defendant correctional officials employed by the CDCR at Corcoran. Plaintiff names as Defendants Sergeant Ochoa, Correctional Officer (C/O) Rodriguez, 2 Block Lieutenant and Assisting 2 Block staff. Plaintiff claims that Defendants were deliberately indifferent to his health and safety.

Plaintiff alleges that On November 23, 2013, while on the yard, officers directed him to submit to a strip search. Plaintiff asked why, and Sgt. Ochoa responded that they thought he had contraband in his rectum. Plaintiff responded with expletives in both English and Spanish. Plaintiff alleges that, in response, he was made to stay outside in the cold for half an hour, unclothed, until they made him "squat and cough."

Deliberate indifference requires a showing that prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Officials may be aware of the risk because it is obvious. Thomas v. Ponder, 611 F.3d 1144, 1152 (9th Cir. 2010). The circumstances, nature, and duration

of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Even assuming the yard was cold and wet during the winter months, subjecting inmates to strip searches upon entry to and exit from an outdoor exercise yard does not result in the inmates being subjected to conditions so severe and/or prolonged that they rise to the level of an Eighth Amendment violation. Johnson, 217 F.3d at 731-32. The mere public nature of the searches likewise is not sufficient to implicate the Eighth Amendment. Somers v. Thurman, 109 F.3d 614, 622-23 (9th Cir. 1997).

Plaintiff alleges that Defendants were deliberately indifferent by leaving him in the cold for half an hour. The allegations in the complaint indicated that Plaintiff was exposed to the elements because of his refusal to comply with the orders of correctional officials to submit to a strip search. See Rodriguez v. Briley, 403 F.3d 952,953 (7th Cir. 2005)("deliberate non-compliance with a valid rule does not convert the consequences that automatically flow from that non-compliance into punishment."); Talib v. Gilley, 138 F.3d 211, 216 (5th Cir. 1998)(as the deprivation was caused by inmate's decision not to comply no violation of Eighth Amendment occurred).

Because the complaint fails to state a claim for relief, it must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint. Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

///

///

3

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 20, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

5