UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>            Plaintiff,<br><br>      vs.<br><br>DE OCHOA, et al.,<br><br>            Defendants. | 1:14-cv-00041-AWI-GSA-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND (Doc. 9.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.      BACKGROUND**

Zane Hubbard ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983 and the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811 (1982).  Plaintiff filed the Complaint commencing this action on January 13, 2014.  (Doc. 1.)  The court screened the Complaint and issued an order on June 20, 2014, dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 8.)  On July 7, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 9.)

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

**III.    SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at Corcoran State Prison (CSP) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants Sergeant De Ochoa and Correctional Officer (C/O) Rodriguez ("Defendants").  Defendants were employed by the CDCR at CSP at the time of the events at issue.  Plaintiff's factual allegations follow.

On November 23, 2013, with approximately twenty-eight homosexual male inmates and ten male Correctional Officers present, defendant C/O Rodriguez told Plaintiff to strip and bend

at the waist. Plaintiff refused and asked why he was singled out for a cavity search. Defendant Sergeant De Ochoa stated, "I think you have something in your a\*\*." (Amd Cmp, Doc. 9 at 3 ¶IV.) Other officers told Plaintiff, "in a homosexual manner," that he needed to submit to a cavity search. (Amd Cmp at 3 ¶IV(4).) This was sexual harassment and excessive force, done deliberately to embarrass Plaintiff. Officers confiscated Plaintiff's clothing and left him naked in front of male and female officers and nurses. Plaintiff responded with expletives. Half an hour later, Officer Hobbs [not a defendant] and other officers strip-searched Plaintiff again, forcing him to squat and cough three times.

Plaintiff alleges that he is illegally surveilled on a twenty-four hour basis under the Foreign Intelligence Surveillance Act of 1978, so officers were aware that Plaintiff was not concealing any items. Through these means, authorities know that Plaintiff is homophobic (against homosexuality), and Plaintiff believes Defendants acted out of discrimination due to Plaintiff's race, gender and gender identity, religion, and sexual orientation. Plaintiff believes that correctional officers seek to influence him to become homosexual. Plaintiff is sexually harassed and threatened daily by prison authorities, in violation of the Eighth Amendment and California regulations. Plaintiff has been subjected to unclothed searches around many other male inmates who humiliate him by taunting him about his genitalia and bragging about their sexual acts. Other than sexual harassment, defendant De Ochoa had no reasonable suspicion to search Plaintiff in front of others.

The recreation yard is not a high risk security area, but inmates are searched before entering the yard, in their cells, and then segregated by dog cages. These strip searches are very disrespectful and threatening to integrity. Officers force their sexual preference on men who are resisting. This is abuse of authority. The surveillance, threats, and taunting are dehumanizing.

Plaintiff requests monetary and injunctive relief.

///

///

///

IV.   **PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

    A.   **Insufficient Factual Allegations – Defendants Rodriguez and DeOchoa**

The court finds Plaintiff's allegations against defendants Rodriguez and De Ochoa to be insufficient to state any claims against them. "While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I, 572 F.3d at 681. To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676.

In the First Amended Complaint, Plaintiff alleges very few facts specifically against defendants Rodriguez and De Ochoa. Plaintiff alleges only that "Officer Rodriguez during searches specifically requested that I strip and bend at the waist;" that Plaintiff "asked Sergeant De Ochoa 'why' I was singled out, out of 27 other inmates for a cavity search, and Sergeant De Ochoa stated: 'I think you have something in your a**;'" and that "[o]ther than for sexual harassment and abuse of power, Sergeant De Ochoa had no reasonable suspicion to spot-check,

cavity search, or bare search Plaintiff in front of the whole institution." (ACP, Doc. 9 at 3 ¶IV(1),(2), 5 ¶(16).) Plaintiff does not allege that either of the Defendants personally harassed him or subjected him to a strip search; in fact, Plaintiff alleges that other officers confiscated his clothing, left him exposed bare in front of officers and nurses, made sexual remarks to him, and conducted a strip search half an hour later. (ACP at 3 ¶IV(3)-(5), 4-5 ¶(13).) Therefore, Plaintiff's allegations against defendants Rodriguez and De Ochoa are not sufficient to state any claims against them under § 1983 upon which relief may be granted.

### B. Strip Searches

The focus of Plaintiff's First Amended Complaint is his contention that his rights were violated by prison officials during strip searches. Plaintiff generally alleges that "officers" acted against him by subjecting him to sexual harassment, threats, twenty-four hour surveillance, excessive force, humiliation, and discrimination. However, Plaintiff fails to make specific factual allegations against individual defendants except as noted above, and his general allegations do not rise to the level of any constitutional violation, as discussed in the following paragraphs.

#### 1. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). In some instances, infliction of emotional pain may constitute cruel and unusual punishment prohibited by the Eighth Amendment. See Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993) (en banc) (holding that contact searches of female prisoners by male guards violated Eighth Amendment). Prison officials are not liable for inflicting pain on a prisoner through body search techniques unless the official acted with deliberate indifference to a serious risk of harm to the prisoners, id. at 1528, or subjected the prisoner to "unnecessary and wanton infliction of pain," see Koch v. Ricketts, 82 F.3d 317, 318 (9th Cir. 1996) (acknowledging that prison guards' conducting a body cavity search could in certain circumstances violate an inmate's Eighth Amendment rights).

///

The Eighth Amendment protects inmates from repetitive and harassing searches, and from sexual abuse. Hudson v. Palmer, 468 U.S. 517, 530 (1984); Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000). Sexual assault, coercion, and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm. See Jordan, 986 F.2d at 1525–31. However, not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation—the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of force. See Hudson v. McMillian, 503 U.S. 1, 9–10, 112 S.Ct. 995 (1992); Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998) (no Eighth Amendment violation where employees briefly touched inmate's buttocks with apparent intent to embarrass him). To state a claim for sexual harassment under the Eighth Amendment, a prisoner must establish that the alleged sexual harassment was egregious, pervasive, and/or widespread. See, e.g., Jordan, 986 F.2d at 1525–31 (prison policy requiring male guards to conduct body searches on female prisoners); Watson v. Jones, 980 F.2d 1165, 1165–66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

Plaintiff has not alleged that he was touched or physically injured during strip searches, or that he was subjected to egregious, pervasive, or widespread sexual harassment. While he claims that he was spoken to "in a homosexual manner," which he believes was done out of sexual harassment, and was taunted about the size of his genitals, such conclusory allegations do not amount to a constitutional violation. (Amd Cmp at 3 ¶IV(4).) Plaintiff alleges that he felt degraded and humiliated. However, he fails to allege sufficient facts showing that prison officials had knowledge of a serious risk of harm to Plaintiff. Thus, Plaintiff fails to state a cognizable Eighth Amendment claim.

### 2. Fourth Amendment

The Fourth Amendment guarantees the right of the people to be secure against unreasonable searches, and its protections extend to incarcerated prisoners. Bell v. Wolfish, 441 U.S. 520, 545 (1979). In determining the reasonableness of a search under the Fourth

Amendment, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Id. at 559.  The reasonableness of a prisoner search is determined by reference to the prison context. Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 79 (1987).  The Supreme Court found reasonable "'[v]isual body cavity searches conducted after contact visits as a means of preventing prisoners' possession of weapons and contraband, even absent probable cause.'" Id., 111 F.3d at 700 (quoting Michenfelder, 860 F.2d at 332).   In Thompson, the Ninth Circuit held that visual strip searches and urine tests to search for drugs were reasonably related to the prison officials' legitimate penological interest in keeping drugs out of prison. Id.  However, "not all strip search procedures will be reasonable; some could be excessive, vindictive, harassing, or unrelated to any legitimate penological interest." Id.  The prisoner bears the burden of showing that prison officials intentionally used exaggerated or excessive means to enforce security in conducting a search. See Thompson v. Souza, 111 F.3d 694, 700 (9th Cir.1997).

The Fourth Amendment applies to the invasion of bodily privacy in prisons and jails. Bull v. San Francisco, 595 F.3d 964, 974–75 (9th Cir. 2010) (en banc).  Prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited.  Jordan, 986 F.2d at 1524; see also Michenfelder, 860 F.2d at 328 (visual body-cavity searches of male inmates conducted within view of female guards held constitutional); Grummett v. Rushen, 779 F.2d 491, 492 (9th Cir. 1985) (high potential for female guards to view male inmates disrobing, showering, and using toilet facilities did not render prison policies unconstitutional); Rickman v. Avaniti, 854 F.2d 327, 327-28 (9th Cir. 1988) (routine visual body-cavity searches of prisoners held constitutional); Thompson, 111 F.3d at 700-01 (visual body-cavity search of prisoners conducted in public held constitutional).   However, abusive cross-gender strip searches may violate the Fourth Amendment's reasonableness standard. Somers v. Thurman, 109 F.3d 614, 622 n.5 (9th Cir. 1997).

1    Plaintiff alleges that defendant Rodriguez ordered him to strip and bend at the waist,
2 and defendant De Ochoa told him he was singled out for a cavity search because it was
3 suspected he was concealing something. When Plaintiff refused to follow orders, he was
4 stripped of his clothing and left naked and exposed in front of male and female officers and
5 nurses. Half an hour later, Officer Hobbs [not a defendant] conducted a strip search on
6 Plaintiff. There is no evidence in Plaintiff's allegations that the strip search conducted here
7 violated Plaintiff's Fourth Amendment rights. Therefore, Plaintiff fails to state a Fourth
8 Amendment claim for being subjected to a strip search.

### 3. Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. The Fourteenth Amendment embodies a right to privacy. E.g., York v. Story, 324 F.2d 450, 454 (9th Cir. 1963); Grummett, 779 F.2d at 493-94 (It is clearly established that the Fourteenth Amendment protects a sphere of privacy, and the most "basic subject of privacy ... the naked body"). While the circumstances of institutional life demand that privacy be limited, it is clearly established that gratuitous invasions of privacy violate the Fourteenth Amendment. See id. However, prisoners' privacy rights are subject to infringement by prison policies that are reasonably related to legitimate penological interests. Thompson, 111 F.3d at 701-702 (reasonableness test set forth in Turner applies whenever the needs of prison administration implicate constitutional rights). To restrict female guards from positions which involve occasional viewing of inmates unclothed would possibly produce a risk to both internal security needs and equal employment opportunities, and thus such surveillance is justified. Grummett, 779 F.2d at 496.

Plaintiff alleges that he was stripped naked in preparation for a strip search, within view of male and female officers and nurses. Plaintiff alleges that he was embarrassed and humiliated. However, Plaintiff makes no allegations that he was subject to prolonged observation by others while he was unclothed, or that the officers and nurses did more than

casually observe him in passing. Thus, Plaintiff's allegations have not established that this observation by others, including members of the opposite sex, was so degrading that it violated the Fourteenth Amendment.

### C. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

### D. Verbal Threats

Plaintiff alleges that he was sexually harassed and threatened daily by prison authorities. Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, Plaintiff fails to state a claim based on verbal harassment and threats by Defendants.

///

### E. Twenty-Four Hour Surveillance

Plaintiff alleges that prison officials illegally subjected him to twenty-four hour surveillance under the Foreign Intelligence Surveillance Act of 1978.

#### 1. Foreign Intelligence Surveillance Act ("FISA")

"*Enacted in 1978*, FISA [50 U.S.C. §§ 1801-1811 (1982)] generally allows a federal officer, if authorized by the President of the United States acting through the Attorney General (or the Acting Attorney General or the Deputy Attorney General) of the United States, to obtain from a judge of the specially created FISA Court, see 50 U.S.C. Section 1803, an order 'approving electronic surveillance of a foreign power or an agent of a foreign power for the purpose of obtaining foreign intelligence information.' Id. Section 1802(b)"; Matter of Kevork, 634 F. Supp. 1002, 1006 (C.D. Cal. 1985) aff'd, 788 F.2d 566 (9th Cir. 1986) (citing United States v. Duggan, 743 F.2d 59, 69-70 (2d Cir. 1984).

Plaintiff claims that he was illegally under twenty-four hour surveillance under FISA. This conclusory allegation, without more, cannot state a claim upon which relief may be granted. A complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Iqbal, 556 U.S. at 678. To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Id.; Moss, 572 F.3d at 969. Plaintiff alleges no facts showing that he was under twenty-four hour surveillance, how the surveillance was being conducted, or that the surveillance was illegal under FISA. Therefore, Plaintiff fails to state a claim under FISA.

#### 2. Fourth Amendment

To the extent that Plaintiff seeks to bring a claim for eavesdropping under the Fourth Amendment, the reasonableness of a prisoner search is determined by reference to the prison context. Michenfelder, 860 F.2d at 332. "'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)). "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 79. As

discussed above, the prisoner bears the burden of showing that the search was unreasonable. See Thompson, 111 F.3d at 700. Plaintiff has not alleged facts describing the scope of the surveillance, the manner in which it was conducted, the justification for initiating it, or the place which in it was conducted. Id. Without more specific facts, Plaintiff is unable to state a cognizable Fourth Amendment claim for eavesdropping.

### F.  State Law Claims

Plaintiff brings claims against defendants for negligence, state civil rights, defamation, failure to train and supervise employees, and violation of state regulations and the state constitution. Plaintiff is informed that violation of state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the court fails to find any cognizable federal claims in the First Amended Complaint. Therefore, Plaintiff's state law claims fail.

## V.  CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983 or the Foreign Intelligence Surveillance Act. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." The Court finds that justice requires providing Plaintiff with the court's guidance in this order and another opportunity to file an amended complaint that states a claim. Therefore, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a Second Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There

is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). As Plaintiff was advised in the court's prior order, in order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened, describing what he saw, heard, or otherwise experienced. Plaintiff must describe what each defendant did to violate the particular right described by Plaintiff. Plaintiff should carefully review the court's order and only include the claims he believes are cognizable.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint, filed on July 7, 2014, is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

///

///

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in this order;

4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:14-cv-00041-AWI-GSA-PC; and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **April 23, 2015**                    **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE