# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. DE OCHOA, et al.,<br><br>    Defendants. | Case No.  1:14-cv-00041-DAD-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g).<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's second amended complaint, filed May 21, 1015.

## I.

## PROCEDURAL HISTORY

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, brings this civil rights action against Defendants Sergeant De Ochoa and Correctional Officer (C/O) Rodriguez, employees of the CDCR at CSP Corcoran, where the event at issue occurred.

Plaintiff initiated this action by civil complaint filed on January 13, 2014.  On June 20, 2014, an order was entered, dismissing the original complaint and granting Plaintiff leave to file an amended complaint. (ECF No. 8.)   In that order, the Court noted that Plaintiff alleged that on November 23, 2013, while on the yard, officers directed him to submit to a strip search.  Plaintiff asked why, and Sgt. De Ochoa responded that they thought he had contraband in his rectum. Plaintiff responded with expletives in both English and Spanish.  Plaintiff alleged that, in

1

response, he was made to stay outside in the cold for half an hour, unclothed, until they made him squat and cough.  In the June 20, 2014, order, the Court found that Plaintiff failed to state a claim for relief.  The Court provided Plaintiff with the applicable legal standard for deliberate indifference under the Eighth Amendment, and advised Plaintiff that he had not alleged facts sufficient to state a claim for relief.  Plaintiff was specifically advised that even assuming the yard was cold and wet during the winter months, subjecting inmates to strip searches upon entry to and exit from an outdoor exercise yard does not result in the inmates being subjected to conditions so severe or prolonged that they rise to the level of an Eighth Amendment violation.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).   Plaintiff was also advised that the mere public nature of the searches was not sufficient to implicate the Eighth Amendment.  Somers v. Thurman, 109 F.3d 614, 622-23 (9th Cir. 1997).   Plaintiff was further advised that deliberate non-compliance with the orders of correctional officials does not convert the consequences that flow from that non-compliance into punishment, Rodriguez v. Briley, 403 F.3d 952, 953 (7th Cir. 2005), and that no Eighth Amendment violation occurred because the deprivation was caused by Plaintiff's decision not to comply.  Talib v. Gilley, 138 F.3d 211, 216 (5th Cir. 1998).

     In response, Plaintiff filed a first amended complaint on July 7, 2014.  (ECF No. 9).  In the first amended complaint, Plaintiff alleged that on November 23, 2013, with approximately twenty-eight homosexual male inmates and ten male correctional officers present, Defendant Rodriguez told Plaintiff to strip and bend at the waist.  Plaintiff refused and asked why he was singled out for a cavity search.  Defendant De Ochoa told Plaintiff that "I think you have something in you're a**."  (Am. Compl. ¶ IV.)   Other officers told Plaintiff "in a homosexual manner" that he needed to submit to a cavity search. (Id.)  Plaintiff contends that this constituted sexual harassment and excessive force.  Officers confiscated Plaintiff's clothing and left him naked in front of male and female officers and nurses.  Plaintiff responded with expletives.  Half an hour later, C/O Hobbs (not a defendant) and other officers strip-searched Plaintiff again, forcing him to squat and cough three times.

     Plaintiff alleged that he was illegally surveilled on a twenty-four hour basis under the Foreign Intelligence and Surveillance Act of 1978 (FISA), so that officers could be sure that

Plaintiff was not concealing any items.  Plaintiff alleges that through these means, authorities knew that Plaintiff was homophobic.  Plaintiff believed that Defendants acted out of discrimination due to Plaintiff's race, gender, gender identity, religion, and sexual orientation. Plaintiff believed that correctional officers sought to influence him to become homosexual. Plaintiff alleged that he was sexually harassed and threatened daily by prison authorities. Plaintiff alleged that he had been subjected to unclothed searches around many other male inmates who humiliated him by taunting him about his genitalia and bragging about their sexual acts.  Plaintiff alleged that other than sexual harassment, Defendant De Ochoa had no reasonable suspicion to search Plaintiff in front of others.  Plaintiff alleged that the yard was not a high risk security area, but inmates were searched before entering the yard, in their cells, then segregated in cages on the yard.  Plaintiff alleged that the strip searches were very disrespectful and threatening to Plaintiff's integrity.

On April 23, 2015, an order was entered, dismissing the first amended complaint and granting Plaintiff leave to file a second amended complaint. (ECF No. 10.)   The Court analyzed Plaintiff's claims as Eighth Amendment conditions of confinement, Fourth Amendment unreasonable search, due process, equal protection, verbal threats, FISA, Fourth Amendment privacy, and state law claims.  The Court addressed the applicable legal standard for each claim, and found that Plaintiff's first amended complaint failed to state any cognizable claim upon which relief may be granted under 42 U.S.C. § 1983 or the Foreign Intelligence Surveillance Act. (ECF No. 10, 11:18.)   The Court found that justice required providing Plaintiff with another opportunity to file an amended complaint to correct the deficiencies identified by the Court.

## II.

## ANALYSIS

The May 21, 2015, second amended complaint is 39 pages long, and consists mostly of rambling narrative, interspersed with generalized allegations regarding correctional officials in general.  Plaintiff names as Defendants Sgt. De Ochoa and C/O Rodriguez.  Plaintiff makes arguments about the constitutional rights of criminal defendants in general.  Plaintiff contends that he has been denied the right to competent counsel, and has therefore been deprived of due

process. Plaintiff has not sought the appointment of counsel in this case. Plaintiff asserts vague and conclusory statements about electronic surveillance, alleging that it is "used to harass and embarrass and destroy inmates' life, liberty and property." (ECF No. 11, 5:5.) Plaintiff makes unspecified allegations about sexual misconduct, and refers to regulations regarding employee responsibility to report sexual misconduct. Plaintiff refers to National Security Agency wiretaps, forms of communication, and the same FISA arguments that he made in the first amended complaint.

Plaintiff does refer to the event at issue. Plaintiff alleges that he was in a cage on the yard, and that Defendant Rodriguez ordered him to strip and bend at the waist. Plaintiff alleges that he refused on the ground that no other inmates were being subjected to a strip search. Plaintiff asked to speak to the Block Sergeant, Defendant De Ochoa. Plaintiff asked De Ochoa why he was the only inmate being searched. Sgt. De Ochoa responded that he thought Plaintiff had something in his rectum. Plaintiff indicated that he refused to submit to a cavity search, but he would submit to a "regular search." (Id. 12:21.) Plaintiff alleges that his clothes were confiscated, and he was left in the cage naked for thirty minutes.

After thirty minutes, Plaintiff was advised that he would be permitted to leave the cage if he squatted and coughed three times. Plaintiff alleges that he did so, but Officer Hobbs told him to do it again, which Plaintiff alleges "was completely unreasonable." (Id. 12:26.)

In the April 23, 2015, screening order, Plaintiff was advised that on the facts alleged, the search to which Plaintiff was subjected did not violate the Eighth Amendment. Koch v. Ricketts, 82 F.3d 317, 318 (9th Cir. 1996). Plaintiff's allegations failed to state a claim for a violation of the Fourth Amendment. Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). Regarding the conduct of the Defendants at issue in this lawsuit, Plaintiff merely restates the allegations of the first amended complaint. Plaintiff fails to add any new or addition facts that state a claim for relief.

### III.

### CONCLUSION AND RECOMMENDATION

Plaintiff was previously notified of the applicable legal standard and the deficiencies in

his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is largely identical to the original complaint and first amended complaint.  Based upon the allegations in Plaintiff's original complaint, first amended complaint, and second amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for violations of the Eighth Amendment or Fourth Amendment by Defendants De Ochoa and Rodriguez, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.")   Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief may be granted and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. § 636 (b)(1).  Within **thirty (30)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Findings and Recommendations."   The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 28, 2016**

UNITED STATES MAGISTRATE JUDGE